## SHELBY COUNTY COURT *v.* HENRY HARRIS, ET AL.

## J. A. PAYNE, ET AL., *v.* SHELBY COUNTY COURT, ET AL.

### Power to Levy Taxes.

The power to levy taxes is left to the court of claims of each county and it must alone judge of the necessity for imposing such a burden, and it cannot be held to have the power to leave such taxation to the discretion of the sheriff.

APPEAL FROM SHELBY CIRCUIT COURT.

January 31, 1880.

OPINION BY JUDGE PRYOR:

No tax had been imposed by the county court of Shelby under the provisions of the act in question for turnpike purposes, and that it was an annual tax to be collected when directed by the county court

is manifest from the amendment of the original act. It was to be collected as the county court might order, and no express power was given (and none can be raised by implication) the sheriff by the act or by the county court to collect any such tax. It was and is necessary for the court of claims under this legislative power to make a formal levy of the tax. That court must alone judge of the necessity for imposing such a burden, and to leave such taxation to the discretion of the sheriff would be unheard of legislation, and no such construction should be given it, if susceptible of any other. The language and meaning of the act is too plain for construction, and the court below acted properly in sustaining the demurrer. That the sheriff and the county court construed the act so as to authorize the sheriff to collect without any action of record by the county court cannot affect the rights of the sureties, but as to the sheriff who has seen proper to impose it for the public good and has collected it by the consent of the county court and the taxpayer he must be held responsible.

Judgment *affirmed* on each appeal.

*Caldwell & Harwood, for County Court.*

*L. A. Weakly, for Payne.   Bullock & Beckham, for Harris.*